IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. THOMAS RAY CROSSGUNS, Defendant. | CR-11-106-GF-BMM-RKS **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |

## I. Synopsis

Mr. Crossguns was accused of violating his conditions of supervised release by consuming methamphetamine and Suboxone. He admitted to the violation. Mr. Crossguns' supervised release should be revoked. He should be placed in custody for six months, with 30 months supervised release to follow.

## II. Status

Mr. Crossguns plead guilty in 2012 to Assault Resulting in Serious Bodily Injury. Doc. 21. He was sentenced to 27 months incarceration, with three years supervised release to follow. Doc. 28. He began the supervised release on

1

February 4, 2014.  Doc. 32.

According to his probation officer, Mr. Crossguns tested positive for methamphetamine on February 24.  His probation officer arranged for him to obtain inpatient chemical dependency treatment starting the following week.  While awaiting treatment Mr. Crossguns again tested positive for methamphetamine, along with alcohol.  Doc. 32.  He began inpatient treatment On March 17, and was discharged April 8, 2014.  Mr. Crossguns tested positive for alcohol on April 17, and Mr. Crossguns' probation officer instructed him to attend Alcoholics Anonymous meetings daily and check in with the probation office by phone twice per day. After each of these alleged violations, Mr. Crossguns' probation officer warned Mr. Crossguns that he risked revocation of his supervised release.  Doc. 32.

**Petition**

The United States Probation Office filed a petition on May 2, 2014, asking the court to revoke Mr. Crossguns' supervised release.  The petition accused Mr. Crossguns of consuming methamphetamine and Suboxone on or around April 29, 2014, in violation of the Preamble to Standard Conditions of his supervised release (prohibiting possession or use of a controlled substance).  Doc. 32.  Based on the petition, United States District Judge Brian Morris issued a warrant for Mr.

Crossguns' arrest. Doc. 33.

**Initial appearance**

Mr. Crossguns made an initial appearance before the undersigned on May 6, 2014, in Great Falls, Montana. Mr. Crossguns was accompanied at the initial appearance by Federal Defender Anthony Gallagher, who was appointed to represent Mr. Crossguns. Assistant United States Attorney Laura Weiss represented the United States.

Mr. Crossguns said he had read the petition and understood the allegations. The undersigned explained Mr. Crossguns' rights, including the right to a revocation hearing before United States District Judge Brian Morris, who is presiding over the case.

Mr. Gallagher waived a preliminary hearing and said he and Mr. Crossguns were prepared to proceed with the revocation hearing before the undersigned. Mr. Crossguns and Ms. Weiss both consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Crossguns appeared at the revocation hearing with Mr. Gallagher. Ms. Weiss appeared for the United States.

Mr. Crossguns admitted consuming methamphetamine and Suboxone in

violation of a condition of his supervised release, as alleged in the petition. The undersigned found the admission sufficient to establish a violation, and believes the violation warrants revocation of Mr. Crossguns' supervised release.

Mr. Crossguns' violation is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custodial time imposed. The United States Sentencing Guidelines call for three to nine months in custody. U.S. Guideline Manual, Ch. 7. Ms. Weiss and Mr. Gallagher agreed with those calculations.

Mr. Gallagher requested that no prison time be imposed on Mr. Crossguns, but rather that Mr. Crossguns remain on supervised release with an added condition that he complete long-term inpatient addiction treatment. Mr. Gallagher said Mr. Crossguns struggles with addiction and the Blackfeet Indian Reservation, where he resides, is a difficult environment for a young addict. While Mr. Crossguns has had some treatment, longer-term treatment is necessary for him to overcome his addiction, Mr. Gallagher said. It would be better for Mr. Crossguns and society if he is treated rather than imprisoned, Mr. Gallagher argued.

Mr. Crossguns addressed the court. He said that he believes additional treatment would help him overcome his addiction.

Ms. Weiss requested a nine-month period of incarceration. She reminded the court of the probation office's efforts to assist Mr. Crossguns and their repeated warning before the petition for revocation. Ms. Weiss recognized Mr. Crossguns' struggles with addiction, but noted that he was provided significant inpatient treatment prior to his violation.

### III.  Analysis

Mr. Crossguns' supervised release should be revoked. He violated a condition of his release by possessing and using controlled substances, after numerous prior instances of alleged substance abuse. Mr. Crossguns should be incarcerated for six months, with 30 months supervised release to follow.

Incarceration is warranted in Mr. Crossguns' case because nothing else has been effective. Despite inpatient treatment, daily Alcoholics Anonymous meetings, close supervision and numerous warnings, Mr. Crossguns abused multiple substances with no substantial period of compliance. Mr. Crossguns likely would benefit from treatment if and when he is prepared to exercise personal responsibility. He has shown that he is not yet at that stage. While incarceration will not teach Mr. Crossguns to manage his addiction, it will impress upon him the seriousness of supervised release conditions.

The maximum period of supervised release should be imposed. Mr. Crossguns' violent underlying offense and admitted substance abuse problem make supervision necessary to protect the community. The conditions previously imposed should be continued.

## IV. Conclusion

Mr. Crossguns was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Crossguns' objection, if it is filed within the alloted time, before making a final determination on whether to revoke Crossguns' supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Mr. Crossguns violated the Preamble to Standard Conditions of his supervised release by consuming methamphetamine and Suboxone on or about April 29, 2014.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Crossguns' supervised release and committing Mr. Crossguns to the custody of the United States Bureau of Prisons for ten months, with 30 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of May, 2014.

_/s/ Keith Strong_
Keith Strong
United States Magistrate Judge